**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHANE BURDEN,

        Plaintiff-Appellant,

v.

OFFICER B. FIEK; OFFICER
MATHERSON,

        Defendants-Appellees.

No. 06-1202

(D.C. No. 06-cv-204-ZLW)

(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY, McKAY,** and **LUCERO**, Circuit Judges.

After examining Appellant's brief and the record on appeal, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a *pro se* state prisoner § 1983 appeal. Appellant filed a complaint alleging violations of his constitutional rights in connection with his arrest and incarceration. He alleges that his arrest and incarceration were the result of "a big set up" as evidenced by an unconstitutional line-up, a violation of his

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*Miranda* rights, and Appellees' perjury. He seeks monetary damages and "[his] freedom back." The district court dismissed the complaint without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). This appeal followed.

Under *Heck*, a § 1983 plaintiff seeking damages "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. As the district court noted, Appellant does not allege that his sentence has been invalidated, and "the fact that he asserts he is serving a twenty-four year sentence due to [Appellees'] acts indicates that he has not invalidated the sentence." Order and Judgment of Dismissal at 2, No. 06-cv-00204-BNB (D. Colo. Mar. 30, 2006). We further note that Appellant does not assert that his sentence has been reversed or expunged, nor does he allege that his conviction was called into question by issuance of a federal habeas writ. Thus, Appellant's claim for damages is barred by *Heck*.

To the extent that Appellant seeks habeas relief from wrongful imprisonment, the district court correctly noted that Appellant's "sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2241, *see Preiser v. Rodrigeuz*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* 28

U.S.C. § 2254(b)(1)." Order and Judgment of Dismissal at 3.

Therefore, we **AFFIRM** the district court's dismissal of Appellant's complaint. We **GRANT** Appellant's motion for leave to proceed on appeal without prepayment of costs or fees, and we remind Appellant of his obligation to make the payments until the entire fee has been paid.

Entered for the Court

Monroe G. McKay
Circuit Judge